UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-20767-CR-UNGARO/SIMONTON

UNITED STATES OF AMERICA,

        Plaintiff,

v.

GERARDO PENDAS-MECHADO,

        Defendant.
_____/

## ORDER GRANTING MOTION FOR SUBSTITUTION OF COUNSEL AND APPOINTING NEW COUNSEL

Presently pending before the Court is Attorney Jorge Sibila's Motion for Judicial Inquiry of Defendant's/Motion to Withdraw by Defendant's Attorney [D.E. 314] .  The Honorable Ursula Ungaro, United States District Judge, has verbally referred this motion to the undersigned United States Magistrate Judge.  A hearing on the Motion was held on December 17, 2008, and was continued until December 18, 2008.

The record in this case reflects that on September 8, 2008, Attorney Jorge Sibila was appointed as counsel for Defendant Gerardo Pendas-Mechado at the Defendant's Initial Appearance pursuant to the Civil Justice Act [D.E. 71].  Mr. Sibila appeared and represented Mr. Pendas-Merchado at his Pre Trial Detention and Arraignment hearing on September 12, 2008 [D.E. 127].  According to the Court minutes from that proceeding, the Defendant waived reading of the Indictment, entered a plea of not guilty, demanded a jury trial and stipulated to pre trial detention but reserved the right to revisit that determination. *Id.*

On December 11, 2008, the District Court entered an Order continuing the trial date in the matter until January 5, 2009 [D.E. 313].  This date subsequently was continued until January 20, 2009.  On December 16, 2008, Attorney for the Defendant

filed the instant Motion requesting that the court conduct an inquiry of the Defendant to determine whether Defendant had retained private counsel, desired to have another CJA attorney appointed, or wished to represent himself in this matter. According to the Motion, the Defendant indicated to Mr. Sibila that he did not want to be represented by Mr. Sibila, that he intended to hire private counsel and that if he did not retain counsel, that he desired to have another Court Appointed attorney assigned to him, and if he were not provided with another attorney, that he would represent himself.

At the December 17, 2008 hearing on the Motion, the undersigned inquired as to the status of Defendant's retention of private counsel for representation in this matter. Both present counsel for the Defendant, Mr. Sibila, and the attorney for the government stated that the Defendant had indicated that he was attempting to secure the representation of Ms. Patricia Kyle, Esq.  The Court then contacted Ms. Kyle from the courtroom via telephone and inquired as to her status regarding representing the Defendant.  Ms. Kyle agreed to meet with the Defendant to discuss possible representation and indicated that she would be able to report to the undersigned the following day on that issue.  In addition, at the conclusion of the hearing, Mr. Sibila made an *ore tenus* Motion to withdraw as counsel [D.E. 320], and stated that in his opinion substitute counsel would have adequate time to prepare this case for the presently set trial date.  The undersigned therefore continued the hearing until December 18, 2008 [D.E. 318].

At the continued hearing on the following day, Ms. Kyle appeared and informed the undersigned that the Defendant could not afford representation but desired to have a new attorney appointed.  It was clear at the hearing that there had been an irreconcilable breakdown in the communication between the Defendant and Mr. Sibila.

It is well-settled that an indigent defendant is not entitled to the appointment of counsel of choice, and that a defendant's general loss of trust or confidence in his attorney, standing alone, is insufficient reason for substitution of appointed counsel. *Morris v. Slappy*, 461 U.S. 1 (1983); *Thomas v. Wainwright*, 767 F.2d 738, 741-43 (11th Cir. 1985). However, based on the joint request of the Defendant and court-appointed counsel, the undersigned determined that it was appropriate to exercise her discretion to appoint substitute counsel from the list of attorneys who have been selected by the Court pursuant to the Criminal Justice Act as qualified to represent indigent persons charged in criminal cases in this Court. Accordingly, during the hearing, the undersigned contacted Hugo Rodriguez, Esq., who is an attorney on this week's list of CJA counsel. After being advised of the nature of the case and the specially set trial date, and after speaking privately to the government, Mr. Rodriguez advised the court that he could accept the appointment. The government agreed to defer its filing of a sentencing enhancement until Mr. Rodriguez had an adequate opportunity to confer with his client regarding the entry of a plea of guilty. Therefore, the undersigned appointed Hugo Rodriguez as counsel for the Defendant.
Thus, it is hereby

**ORDERED AND ADJUDGED** that Jorge Sibila's Motion for Judicial Inquiry of Defendant's/Motion to Withdraw by Defendant's Attorney [D.E. 314] is **GRANTED**. It is further

**ORDERED AND ADJUDGED** that the *ore tenus* motion of Jorge Sibila, Esq. to withdraw as counsel due to irreconcilable differences [D.E. 320] is **GRANTED**. It is further

**ORDERED AND ADJUDGED** that HUGO RODRIGUEZ, Esq. is hereby appointed pursuant to the Criminal Justice Act to represent the Defendant for all further proceedings in the District Court, and on appeal if the Defendant chooses to appeal if a Judgment is entered against him in this case.

**DONE AND ORDERED** in Miami, Florida this 18th day of December, 2008.

*Andrea M. Simonton*
_____
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

Copies furnished to:
The Honorable Ursula Ungaro
        United States District Judge
Counsel of Record